IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
March 21, 2022 01:59 PM
SX-2016-CV-00422
**TAMARA CHARLES**
**CLERK OF THE COURT**



IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

|  |  |
|---|---|
| VIRGIN ISLANDS WATER AND POWER AUTHORITY,<br><br>Plaintiff,<br><br>v.<br><br>VIWAPA PROFESSIONAL AND TECHNICAL EMPLOYEES UNION, INC.,<br><br>Defendant. | **Case No. SX-2016-CV-00422**<br><br>ACTION TO VACATE ARBITRATION AWARD<br><br>2022 VI SUPER 38 |

## MEMORANDUM OPINION

¶ 1    THIS MATTER comes before the Court on Defendant's Motion to Dismiss, filed August 26, 2016 (herein "Defendant's First Motion for Summary Judgment"). Plaintiff filed its Opposition on September 15, 2016. Defendant did not reply. By Order entered December 8, 2017, pursuant to V.I. R. Civ. P. 12(d), the Court converted Defendant's Motion to Dismiss to a motion for summary judgment and gave Plaintiff 21 days to supplement its Opposition. Plaintiff filed its Supplemental Opposition on January 2, 2018, which included a Cross-motion for Summary Judgment. Defendant did not reply to Plaintiff's Supplemental Opposition and did not respond to the Cross-motion for Summary Judgment. Without seeking leave of Court, Defendant filed a second Motion for Summary Judgment on September 20, 2018. (hereinafter "Defendant's Second Motion for Summary Judgment"). Plaintiff filed a Response to this Motion on October 4, 2018.

¶ 2    After considering the arguments of the parties, and for the reasons stated herein, the Court will strike Defendant's Second Motion for Summary Judgment. The Court also finds no reason to disturb the Arbitrator's Award and will grant Defendant's First Motion for Summary Judgment as to all Counts and will deny Plaintiff's Cross-motion for Summary Judgment.

## BACKGROUND FACTS

¶ 3    A collective bargaining agreement ("CBA") existed between the parties at all times relevant to this case. Arbitration Award at 1. During April 2013, a notice of job vacancy was listed for the position of Coordinator, Materials and Supplies, in the Electrical Distribution Department in the Transmission and Distribution Division of Virgin Islands Water and Power Authority ("VIWAPA" or "Authority" or "Plaintiff"). *Id.* at 5. Both Rolston Jones ("Jones") and Leonard

*VIWAPA v. VIWAPA Prof'l & Technical Emps. Union, Inc.*; Case No. SX-2016-CV-00422
Memorandum Opinion
Page 3 of 11

2022 VI SUPER 38

¶7     Arbitration was held February 26, 2016. The Arbitrator issued his Decision on June 3, 2016. In the Award, the Arbitrator found that any delay in the Union seeking arbitration was due to VIWAPA not issuing a written decision after the Step 3 meeting with the Executive Director, and therefore should not affect the arbitrability of the issue. Arbitration Award at 10.

¶8     As to the merits of grievance, the Award states that "[i]n most cases a [CBA] with seniority selection provisions, under which qualifications can also be considered, a promotion decision by the employer under its management right clause will be sustained. However, if the selection has been unfairly obtained, it can be overturned." *Id.* at 11. The Award found that the selection process in this case was "inherently discriminatory" because one of the judges on the selection panel had already expressed a preference for a specific candidate and that "Jones' qualifications appear to have been ignored in this case." *Id.* at 12. The Award granted the grievance and found that the appropriate remedy was to award Jones the position of Coordinator, Materials and Supplies for the Electrical Department. *Id.* Plaintiff filed the present Petition to Vacate Arbitration Award (Complaint) on July 28, 2016.

## LEGAL STANDARDS

### Filings

¶9     Per Virgin Islands Rule of Civil Procedure 6-1(c): "Only a motion, a response in opposition, and a reply may be served on other parties and filed with the court; further response or reply may be made only by leave of court obtained before filing. Parties may be sanctioned for violation of this limitation." In the past, courts have struck filings that have violated this rule. *See e.g., Ayala v. World Fresh Mkt. LLC*, 2021 VI SUPER 15U, ¶15 (V.I. Super. 2021); *Gov't of the U.S.V.I v. ServiceMaster Co., LLC*, No. SX-16-CV-700, 2018 WL 4627266, at *8 (V.I. Super. Sept. 26, 2018). Courts, however, are not obligated to strike nonconforming filings. *See U.S.V.I. Econ. Dev. Auth. v. Hypolite*, 2019 VI SUPER 4U, ¶13 (V.I. Super. 2019). "If the parties can continuously bombard the trial court with additional arguments, submitted without leave or request for leave, briefing will never come to an end." *ServiceMaster Co., LLC*, 2018 WL 4627266, at *8.

### Summary Judgment

¶10     Per Virgin Islands Rule of Civil Procedure 56(a): "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movement is entitled to judgment as a matter of law." The Virgin Islands summary judgment rule mirrors the "well-known summary judgment provision applicable in most American jurisdictions." Advisory

Thomas ("Thomas"), among other candidates, were interviewed by a panel for the open position. *Id.* In December 2013, Thomas was selected as the most qualified candidate. *Id.* at 6.

¶ 4     On December 9, 2013, Jones filed a grievance under the CBA, alleging violations of both the CBA and the Personnel Policies and Procedures Manual. *Id.* at 7. This grievance alleged that Jones should have been found to be better qualified for the open position than Thomas. *Id.* at 7-8. On December 23, 2013, VIWAPA responded to the grievance by denying it. Petition at 3. On January 9, 2014, the Virgin Islands Water and Power Authority Professional and Technical Employees Union ("Union" or "Defendant") appealed VIWAPA's denial of grievance to Step 3 under the CBA's grievance process. Arbitration Award at 7.

¶ 5     Under Step 3 of the CBA grievance process, the parties are to meet with the Executive Director who "[w]ithin the ten (10) workdays after this meeting has been held, . . . shall advise the President of [the Union], the grievant and the Grievance Committee Chairperson, in writing of his Decision." CBA, Section 6.3.[1] A meeting was held with the Executive Director in January 2014. Petition at 3. The Executive Director did not issue a decision after this meeting. Arbitration Award at 7.

¶ 6     Per Section 6.7 of the CBA, if the grievance remains unsettled after the Executive Director's decision in Step 3, the Union may within 10 days of the receipt of the Executive Director's Decision appeal the matter to either mediation or arbitration. Despite the Executive Director failing to issue the decision contemplated in Step 3 of the grievance process, VIWAPA asserts that the matter became appealable 10 days after the Executive Director should have issued a decision. Arbitration Award at 4. The CBA provides: "If the Authority fails to process its response to a grievance within the time provided, the Union shall have the right of automatic appeal to mediation or arbitration." CBA, Section 6.6. Therefore, since the Executive Director had 10 days to issue a decision, the matter became appealable to arbitration when he failed to meet that deadline. The Union, however, did not invoke arbitration until March 5, 2015. Petition at 4.[2]

---

[1] At one point, the Arbitration Award refers to a "Step Two meeting . . . [with] the Executive Director . . .." *see* Arbitration Award at 8. This mention of Step "Two" appears to be in error as it is Step Three of the Grievance Process in which the parties meet with the Executive Director. CBA, Section 6.3, C. Later the Award appropriately references Step Three as the step in which the grievant meets with the Executive Director, *see* Arbitration Award at 10. Either way, this does not impact the Court's decision.

[2] The Arbitration Award states that: "The Union asked for arbitration in January 2014." Arbitration Award at 7. This to be in error since the Award states that both parties agree there was a 14-month delay between the meeting with the Executive Director and Defendant seeking arbitration, *id.* at 8, and also that the Union did not file its initial grievance until December 9, 2013. Regardless, this does not impact the Court's decision.

*VIWAPA v. VIWAPA Prof'l & Technical Emps. Union, Inc.*; Case No. SX-2016-CV-00422
Memorandum Opinion
Page 4 of 11

2022 VI SUPER 38

Committee on Rules Comment to V.I. R. Civ. P. 56. "A movant is entitled to summary judgment if there is no triable issue of material fact." *Basic Servs., Inc. v. Gov't of the V.I.*, 71 V.I. 652, 658, 2019 VI 21, ¶8 (V.I. 2019) (citing *Rymer v. Kmart Corp.*, 68 V.I. 571, 575 (V.I. 2018)). "Once the moving party has identified the portions of the record that demonstrate no issue of material fact, 'the burden shifts to the non-moving party to present affirmative evidence from which a jury might reasonably return a verdict in his favor.'" *Rymer*, 68 V.I. at 576 (quoting *Chapman v. Cornwall*, 58 V.I. 431, 436 (V.I. 2013)). "The non-moving party 'may not rest upon mere allegations, [but] must present actual evidence showing a genuine issue for trial.'" *Id.* at 575 (quoting *Williams v. United Corp.*, 50 V.I. 191, 194 (V.I. 2008)) (brackets in original). A court considering a motion for summary judgment should view evidence in the light most favorable to the non-moving party. *Basic Servs., Inc.*, 71 V.I. at 659 (citing *Machado v. Yacht Haven U.S.V.I., LLC*, 61 V.I. 373, 379 (V.I. 2014)).

## Review of Arbitration Awards

¶ 11    "[T]rial Courts play 'only a limited role' when reviewing an arbitration award, in that trial courts '**are not authorized to reconsider the merits** of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract' **because they 'do not sit to hear claims of factual or legal error by an arbitrator** as an appellate court does in reviewing decisions of lower courts.'" *Gov't of the V.I., Dept of Educ. v. St. Thomas/St. John Educ. Adm'rs' Ass'n, Local 101*, 67 V.I. 623, 629-30 (V.I. 2017) (citing *United Paperworkers Int'l Union v. Misco., Inc.*, 484 U.S. 29 (1987)) (emphasis added). "[I]n order to ensure that parties who bargain for binding arbitration receive the benefit of their bargain, [the Supreme Court of Virgin Islands] conclude[d] that the Superior Court may only vacate an arbitrator's award if:

> (1) the arbitrator exceeded his or her authority in rendering the award (which may include ignoring limits in the arbitration agreement itself on issues to be arbitrated or remedies the parties agreed to make available);
> (2) the award was the product of fraud, partiality, or malfeasance on behalf of the parties or the arbitrator—or if the award was predicated upon a mistake flowing from such conduct; or
> (3) the arbitrator manifestly disregards the law.

*Gov't of the V.I., Dept. of Educ.*, 67 V.I. 623 at 639-40 (formatted for emphasis and clarity).[3]

---

[3] As to the applicability of the scope of judicial review set out in the Federal Arbitration Act, the Supreme Court held: "we elect to follow those jurisdictions that have concluded that section 10 of the FAA does not preempt local law in proceedings instituted in local courts," which does not mean, however, that the parties may not contract to have the FAA govern any judicial review of an arbitrator's award. *Gov't of the V.I., Dept. of Educ.*, 67 V.I. at 632. In this case, there appears to have been no election to apply FAA standards of judicial review and, therefore, applicable local law governs. Although both parties cite to federal case law to establish the Court's jurisdiction over this arbitral matter,

*VIWAPA v. VIWAPA Prof'l & Technical Emps. Union, Inc.*; Case No. SX-2016-CV-00422
Memorandum Opinion
Page 5 of 11

2022 VI SUPER 38

¶ 12    "The fact that a party – or even a reviewing court – merely disagrees with how an arbitrator interprets a contract is not sufficient grounds to vacate the arbitrator's decision. *Gov't of the V.I., Dept. of Educ.*, 67 V.I. at 641. The arbitrator exceeds his authority if his award goes beyond the "'the scope and authority conferred by the contract.'" *Gov't of the V.I. v. American Fed'n of Teachers Local 1826 on behalf of Soc. Workers & Psychologists*, 2020 VI SUPER 96U, ¶24 (V.I. Super. 2020) (citing *Gov't of the V.I., Dept. of Educ.*, 67 V.I. at 623); *see V.I. Port Auth. v. United Steelworkers (USW), Local Union 9489*, 71 V.I. 412, 424, 2019 VI SUPER 131, ¶22 (V.I. Super. 2019); *Mustafa v. Amore St. John, LLC*, 58 V.I. 74, 80 (V.I. Super. Mar. 4, 2013)). As a court cannot reconsider the arbitrator's interpretation of the contract, an arbitrator does not exceed his authority as long as he draws "the essence of his decision from that agreement." *United Steelworkers (USW), Local Union 9489*, 71 V.I. at 424 (citing *Major Leage Umpires Ass'n v. Am. League of Prof'l Baseball Clubs*, 357 F.3d 272, 279 (3d Cir. 2004)). "An award draws its essence from [the contract] if its interpretation can *in any rational way* be derived from the agreement, viewed in light of its language, its context, and any other indicia of the parties' intention." *Id.* (citing *Brentwood Med. Assocs. V. UMW*, 396 F.3d 237, 241 (3d Cir. 2005)) (emphasis in original) (internal quotation marks omitted); *see American Fed'n of Teachers Local 1826 on behalf of Soc. Workers & Psychologists*, 2020 VI SUPER 96U, ¶24.

> The Virgin Islands Supreme Court has explained "manifest disregard" as follows:

> The error must have been obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator. Moreover, the term 'disregard' implies that the arbitrator appreciates the existence of a clearly governing legal principal but decides to ignore or pay no attention to it... Judicial inquiry under the 'manifest disregard' standard is therefore extremely limited. The governing law alleged to have been ignored by the arbitrators must be well defined, explicit, and clearly applicable. We are not at liberty to set aside an arbitration panel's award because of an arguable difference regarding the meaning or applicability of laws urged upon it.

*Tempcorp Holdings, Inc. v. Harris*, 73 V.I. 638, 644, 2020 VI 20, ¶10 (V.I. 2020) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker*, 808 F.2d 930 (2d Cir. 1986)) (other citations omitted) (internal quotation marks omitted) (omission in original). "[T]here is universal agreement that manifest disregard of the law must mean something more than erroneous interpretation or misunderstanding of the law." *Id.* at 643 (internal citations omitted).

---

"arbitration in the Virgin Islands is not governed by statute, so the decisions and application of federal rules represents only persuasive authority and are not binding on this Court." *Gov't of the V.I. v. American Fed'n of Teachers Local 1826 on behalf of Soc. Workers & Psychologists*, 2020 VI SUPER 96U, ¶9 (V.I. Super. 2020) (citing *Gov't of the V.I., Dept. of Educ.*, 67 V.I. at 633).

*VIWAPA v. VIWAPA Prof'l & Technical Emps. Union, Inc.*; Case No. SX-2016-CV-00422
Memorandum Opinion
Page 6 of 11

2022 VI SUPER 38

## DISCUSSION

¶ 13    Resolving which filings are properly before the Court is a necessary prerequisite to addressing the merits, as it affects which arguments have been presented. *See generally,* *ServiceMaster Co., LLC*, 2018 WL 4627266, at *2 (The court should consider ancillary motions/issues first before considering dispositive motions on the merits.).

¶ 14    In this case, Defendant did not request, and the Court did not grant Defendant leave to file its Second Motion for Summary Judgment. Therefore, that filing was improper under V.I. R. Civ. P. 6-1(c). Nonetheless, a review of Defendant's Second Motion reveals it covers many of the same topics/arguments as the First Motion (*i.e.*, freedom to contract, limited review of arbitration decisions, inapplicability of the doctrine of laches,[4] and whether the Arbitrator acted within his authority). As such, even if the Court were to consider the Second Motion, it would not impact the Court's analysis in this matter. Therefore, the Court finds no reason why Defendant, without seeking leave to do so, should be allowed to bolster and clarify its arguments more than a year after its original Motion and after motion practice has been completed. Had Defendant wished to clarify or supplement its arguments, it could have sought leave to refile when its Motion to Dismiss was converted to a motion for summary judgment in 2017. Alternatively, Defendant could have filed a reply to either Plaintiff's original or supplemental opposition – which it did not. The Court finds it appropriate to sanction Defendant for lack of compliance with the applicable procedural rule by striking its Second Motion for Summary Judgment and will only consider the merits of its arguments as presented in the First Motion for Summary Judgment.

¶ 15    With the filings clarified, the Court addresses on their merits Defendant's First Motion for Summary Judgment and Plaintiff's Cross-motion for Summary Judgment,[5] considering the arguments in turn as they apply to each Count presented in the Petition to Vacate Arbitration Award (Complaint).

### A. COUNT ONE: Grievance was Not Arbitrable

¶ 16    Count One of Plaintiff's Complaint alleges that this grievance was not arbitrable because the Union delayed 14 months before seeking arbitration and therefore the Arbitrator lacked

---

[4] The Second Motion for Summary Judgment refers to "lashes," which is deemed to be a typographical error.

[5] Defendant's Motion was originally filed as a motion to dismiss, such that its presentation of some arguments might include language inconsistent with the post-conversion procedural posture. The merits analysis is unaffected as the Court's review on the substance of Defendant's arguments is not determined by the procedural posture.

*VIWAPA v. VIWAPA Prof'l & Technical Emps. Union, Inc.*; Case No. SX-2016-CV-00422
Memorandum Opinion
Page 7 of 11

2022 VI SUPER 38

authority to impose the award. Complaint at 6-7. However, Defendant notes that public policy supports arbitration in labor disputes and that any doubts regarding applicability of an arbitration agreement should be resolved in favor of coverage. Def. First Mot. for Summ. J. at 8 (citing *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 130 S.Ct. 2847, 2850, 2866 (2010)).

¶ 17    Issues related to time limitations are a matter of "procedural arbitrability," which are clearly for the arbitrator to decide; thus, the Arbitrator did not exceed his authority by deciding the procedural arbitrability issue of the delay before seeking arbitration in favor of permitting the arbitration to proceed. *See United Steelworkers (USW), Local Union 9489*, 71 V.I. at 422-24. Of the two categories of arbitrability, "procedural arbitrability" and "substantive arbitrability," procedural arbitrability "includes the satisfaction of prerequisites such as time limits, laches, estoppel and other conditions precedent to an obligation to arbitration." *Id.* at 422 (quoting *BG Group PLC v. Republic of Arg.*, 572 U.S. 25, 35 (2014)) (internal quotation marks omitted). And "[o]nce the parties have agreed to submit a dispute to arbitration, it is the arbitrator who decides matters concerning procedural arbitrability . . .." *Id.* (citing *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 558 (1964)). Thus, as this issue of timeliness was clearly for the Arbitrator to decide, he could not have exceeded his authority by deciding that the matter was arbitrable. *See id.* at 423-24. Further, even if this decision were based upon a misinterpretation of the contract, such a determination is beyond the authority of this Court on this review. *See Gov't of the V.I., Dept of Educ.*, 67 V.I. at 641. As such, the Court will grant Defendant's First Motion for Summary Judgment as to Count One.

## B. COUNT TWO: Grievance is Barred by the Doctrine of Laches

¶ 18    Count Two alleges that the grievance should not have been allowed to proceed to arbitration because it was barred by the doctrine of laches. Complaint at 7-8. In support of this argument, VIWAPA states that by the time arbitration was sought, it had already expended considerable resources in training Thomas for the position – thus "the Union's failure to act in a timely manner to challenge the selection results in a waste of VIWAPA's resources and impairs the grievance process by undermining the finality of decisions." Complaint at 7. Defendant argues that the doctrine of latches does not apply here and is available only under "extraordinary circumstances." Def. First Mot. for Summ. J. at 9. Additionally, Defendant argues that even if laches were to apply, that would have been a procedural matter for the Arbitrator to decide. *Id.*

¶ 19    For the reasons stated in relation to Count One, the Court finds that issues related the doctrine of laches are issues of procedural arbitrability and, therefore, within the authority of the Arbitrator to decide. *See United Steelworkers (USW), Local Union 9489*, 71 V.I. at 422-24.

*VIWAPA v. VIWAPA Prof'l & Technical Emps. Union, Inc.*; Case No. SX-2016-CV-00422
Memorandum Opinion
Page 8 of 11

2022 VI SUPER 38

Additionally, the Arbitrator's failure to apply the doctrine of laches cannot be said to constitute manifest disregard of the law since to "disregard" the law the Arbitrator would have had to "appreciate[ ] the existence of a clearly governing legal principal but decide[ ] to ignore or pay no attention to it . . .." Here, nothing in the record shows that the issue of laches was ever brought to the Arbitrator's attention or consideration. *See Tempcorp Holdings, Inc.*, 73 V.I. at 644; *Gov't of the V.I., Dept. of Educ.*, 67 V.I. at 639-40. Therefore, the Court will grant the Defendant's First Motion for Summary Judgment as to Count Two.

### C. COUNT THREE: Arbitrator Exceeded his Authority

¶ 20    In Count Three, VIWAPA claims that the Arbitrator exceeded his authority as the CBA did not empower the Arbitrator "to make an independent determination regarding which individual was better qualified for the Electrical Distribution position." Complaint at 8. Plaintiff additionally takes specific issue with the Arbitrator's finding that the selection procedure was "inherently discriminatory" as this "argument was not contained in the grievance, not argued by the Union, is without record support, and that ignores the rankings of the VIWAPA panel that evaluated the candidates." Pl. Supplemental Opp'n at 3 n.3. Further, Plaintiff argues that the contract provides that VIWAPA was to be the "sole judge" of the applicants and that the Arbitrator's decision "manifested an infidelity to his obligation to draw the essence of his award from the [CBA]." *Id.* at 3-4, 7 (citing *United Steelworkers of Am. v. Enter. Wheel & Car Co.*, 363 U.S. 593, 597 (1960)).

¶ 21    The Court finds the Arbitrator did not exceed his authority as his decision did draw upon the "essence" of the contract. *See United Steelworkers (USW), Local Union 9489*, 71 V.I. at 424 (citing *Major Leage Umpires Ass'n*, 357 F.3d at 279). To begin its analysis the Court outlines the relevant provisions of the CBA.

¶ 22    Section 6.1 of the CBA provides in part: "[t]he following procedure **including arbitration,** shall be the exclusive and final means of settlement of **all grievances arising under this Agreement.**" (emphasis added).

¶ 23    Section 2.1 addresses the reserved rights of management and provides that:

> All prior management rights, authority and functions shall remain vested exclusively in the Authority except insofar as specifically surrendered or limited by express provisions of this Agreement. It is recognized that such rights, authority, and functions include, but are not limited to . . . the direction and control of the working forces, including but not limited to being **the sole judge of applicants for employment or promotion, their qualification, fitness and hiring or refusal to hire** . . .. (emphasis added).

*VIWAPA v. VIWAPA Prof'l & Technical Emps. Union, Inc.*; Case No. SX-2016-CV-00422
Memorandum Opinion
Page 9 of 11

2022 VI SUPER 38

¶ 24    However, the language of the CBA clearly outlines some procedures related to filling job vacancies and seniority calculations. *See generally* CBA, Articles VII (Seniority) and VIII (Promotions and Transfers). Specifically, Section 8.3 outlines the procedures regarding "qualification for promotion" and states in the relevant part:

> In all case cases of promotion **wherein the qualifications of the employees are equal, preference shall be given to the employee with the greatest service seniority**. In determining an employee's qualifications, the Authority shall also consider the employee's ability, aptitude, experience, attendance, attitude, disciplinary records and performance evaluation shall be considered. (emphasis added).

¶ 25    Section 6.8 of the CBA outlines the authority of the arbitrator and provides:

> The Arbitrator shall have jurisdiction and authority only to **interpret, apply, or determine compliance with the express provisions of this Agreement** and shall not have authority to add, to detract from, or alter its provisions in any way, and shall confine his decision to a determination based upon the evidence presented. (emphasis added).

¶ 26    Given the plain language of the CBA, the parties contracted for an arbitrator to govern all disputes arising from their agreement, and since aspects of the hiring process are outlined in the CBA, disputes related to the hiring process would have "substantive arbitrability," with the effect that such is "an issue is within the scope of an agreement's arbitration clause and must be submitted to arbitration." *See United Steelworkers (USW), Local Union 9489*, 71 V.I. at 422 (quoting *Int'l; Ass'n of Machinist & Aero Workers. V. AK Steel Corp.*, 615 F.3d 706, 709 (6th Cir. 2010)).

¶ 27    Plaintiff argues that the Authority was to be the sole judge of an applicant's qualifications, *see* CBA, Section 2.1, and that the clause regarding qualifications or promotions does not apply here since the grievant was seeking a lateral move and not a promotion, *see* CBA, Section 8.3. Accordingly, VIWAPA argues, the Arbitrator exceeded his authority when he passed judgment on the comparative qualifications of Jones and Thomas. However, this argument, like the one presented by the plaintiff in *Gov't of the V.I., Dept of Educ. v. St. Thomas/St. John Educ. Adm'rs' Ass'n, Local 101*, "rely[ing] on its subjective interpretation of certain CBA provisions . . . ." 67 V.I. at 641. *Gov't of the V.I., Dept of Educ.*, illustrates how easy it is to conflate a non-reviewable contract interpretation with an action outside the limits of authority. If it may be found under any reasonable interpretation that an arbitrator acted within the essence of the contract, then by virtue of the reviewing court's limited scope, the arbitrator's award must be upheld. The Court finds here that, consistent with the essence of the CBA, the Arbitrator acted within his authority to interpret and apply the contract, considering the qualifications of the applicants to ensure that the promotion process was followed.

*VIWAPA v. VIWAPA Prof'l & Technical Emps. Union, Inc.*; Case No. SX-2016-CV-00422
Memorandum Opinion
Page 10 of 11

2022 VI SUPER 38

¶ 28    Therefore, the Court will grant Defendant's First Motion for Summary Judgment as to Count Three.

### D. COUNT FOUR: Award is Arbitrary and Capricious

¶ 29    In Count Four, VIWAPA alleges that the Award should be vacated because it is arbitrary and capricious and "bears no rational connection to the record evidence." Complaint at 8-9. Defendant responds that "[t]he Contract was clear and the Award was made within the limits of said CBA . . .." *See* Def. First Mot. for Summ. J. at 7. Plaintiff argues that the Arbitrator "dispens[ed] his own sense of individual justice." Pl. Supplemental Opp'n at 1-2.

¶ 30    Again, the Court is constrained by its limited scope of review and cannot consider factual determinations or contract interpretations made by the Arbitrator, for the purpose of assuring that the parties get the benefit of their bargain. *See Gov't of the V.I., Dept. of Educ.*, 67 V.I. at 639-40. Looking to the essence of the parties' contract, processes are included for calculating seniority and for awarding promotions by giving preference to an applicant with seniority in the case of applicants with similar qualifications. *See generally*, CBA, Articles VII (Seniority) and VIII (Promotions and Transfers). Given the highly deferential view with which the Court must view arbitration awards, the Court finds that the Arbitrator's Award of the position in dispute to Jones cannot be deemed arbitrary and capricious, but rather is reasonably seen to have been the product of the Arbitrator's interpretation and application of the essence of the parties' contract. *See id.*; CBA, Section 6.8. Therefore, the Court will grant the Defendant's First Motion for Summary Judgment as to Count Four.

### E. COUNT FIVE: Award Manifestly Disregarded the Provisions of the CBA

¶ 31    In Count Five, VIWAPA alleges that the Arbitrator disregarded the express provisions of the contract "which give VIWAPA sole discretion in making determinations related to promotion and transfer," and the award "does not draw its essence from the clear provisions of the CBA." Complaint at 9-10. Each party argues that the other is seeking to re-argue the merits presented at the underlying arbitration proceeding that resulted in the Arbitrator's Award. *See* Def. First Mot. for Summ. J. at 7-8; Def. First Oppos. at 1.

¶ 32    The Court reiterates that it is beyond the scope of its authority in this action to review the Arbitrator's interpretation of the language of CBA – even if the Court disagrees with the interpretation and may have interpreted the language differently. *See Gov't of the V.I., Dept. of Educ.*, 67 V.I. at 639-40. The Court is required to uphold an arbitration award if it can "*in any*

*VIWAPA v. VIWAPA Prof'l & Technical Emps. Union, Inc.*; Case No. SX-2016-CV-00422
Memorandum Opinion
Page 11 of 11

2022 VI SUPER 38

*rational way* be derived from the agreement." *See United Steelworkers (USW), Local Union 9489*, 71 V.I. at 424 (citing *Major Leage Umpires Ass'n*, 357 F.3d at 279).

¶ 33    Here, Court finds that the CBA can be rationally interpreted in the manner set out in the Arbitration Award, particularly when considering the Arbitrator's duty to interpret and apply the CBA that contains provisions for the manner in which qualifications and seniority are to be considered regarding an employee's application for promotion. The parties disagree as to whether the position in issue was properly considered a promotion for Jones (and therefore whether CBA Article VIII applied). Yet, the Court cannot find that the Arbitrator acted irrationally and not within the essence of the CBA. Accordingly, the Court finds that the Arbitrator acted within his authority in interpreting the CBA. Therefore, the Court will grant the Defendant's First Motion for Summary Judgment as to Count Five.

¶ 34    Lastly, the Court considers Defendant's request for attorney's fees set out within its First Motion for Summary Judgment. The Court does not find that this matter was filed in bad faith — particularly given that the seminal case governing the scope of the Superior Court's review of arbitration awards was not issued until after Plaintiff's Complaint was filed. Therefore, the Court declines to exercise its discretion to award attorney's fees. *See* V.I. Civ. P. 54(d)(2); 5 V.I.C. § 541.

¶ 35    A Judgment Order reflecting the foregoing is issued herewith.

DATED: March 21, 2022

DOUGLAS A. BRADY, JUDGE

ATTEST:

TAMARA CHARLES
Clerk of the Court

By: _____
    Court Clerk Supervisor